**No. 53680.**—Transatlantic Import Co. *v.* United States, protest 138862–K (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

**No. 53681.**—Gimbel Bros., Inc., et al. *v.* United States, protests 143676–K, etc. (New York).

Opinion by JOHNSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, NOVEMBER 2, 1949

**No. 53682.**—Owesen & Co., Inc. *v.* United States, petition 6685–R (New York).

Opinion by MOLLISON, J. The president of the petitioning corporation testified that the shipment in question was the first made by the importer and that he requested the customs broker to seek information as to value from the appraiser. Upon being advised by that official to ascertain from the shipper the correct foreign or export value, he wrote abroad for that information. In the meantime, however, the merchandise was appraised on the basis of the entered value. Shortly thereafter, based upon information obtained from other sources, the collector filed an appeal for reappraisement. Subsequent to the filing of the appeal, the requested information came from abroad, and the petitioner turned it over to the customs officers. When the appeal for reappraisement was called for trial, petitioner authorized its counsel to enter into a stipulation on the basis of the collector's figures. Upon the record it was held that entry at less value than that found upon final appraisement was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 53683.**—American Petrometal Corporation *v.* United States, petition 6686–R (New York).

Opinion by MOLLISON, J. Prior to entry herein, all of the information in possession of the petitioner bearing upon the value of the merchandise was offered to the examiner in the appraiser's office, who passed upon such products, and a difference of opinion developed between the customs authorities and the responsible officials of the petitioner as to the correct value at which the merchandise should be entered. It was thereupon decided by the officers of the petitioner to enter at the price they believed to be correct and to make a test case of the importation in question. This was accordingly done, and an appeal for reappraisement was subsequently filed. Inasmuch as the appeal for reappraisement could not be supported, it was abandoned. From an examination of the entire record the court was satisfied that entry at less value than that found upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent any of the facts in the case or to deceive the appraiser as to value of the merchandise. The petition was therefore granted.